■ AMERICAN TEMPERING, INC., Appellant, v CRAFT ARCHITECTURAL METALS CORP., Respondent. — Order, Supreme Court, New York County (Saxe, J.), entered June 29, 1983, granting defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs and disbursements, and the motion denied.

Plaintiff American Tempering, Inc. (ATI) is a California manufacturer of construction glass. In or about October, 1980, defendant Craft Architectural Metals Corp. (Craft) inquired as to the possible purchase of certain glass items from ATI for use in connection with a construction project in which it was then engaged. After negotiations the parties reached an agreement whereby ATI would supply annealed and insulating glass and heat-strengthened laminated glass to Craft for a price of $113,600. Plaintiff has supplied all of the purchased materials and by this action seeks to recover the sum of $8,537.44 which is alleged to be outstanding.

Special Term dismissed the complaint as time barred. Defendant's purchase order contained the following language: "Any action or proceeding on any claim arising out of or in connection with this Purchase Order or the breach thereof, including any claim for extra or additional compensation or otherwise, must be brought by the Vendor within one year from the date upon which Vendor last furnished material to or performed labor hereunder." Defendant's form also contained a provision prohibiting modification of the terms of the purchase agreement unless in a writing signed by the party against who enforcement is sought. Since ATI had last furnished material to Craft on May 11, 1981, the court found that the instant action had been untimely commenced on May 26, 1982.

Both parties can be considered merchants for Uniform Commercial Code purposes. Subdivision (1) of section 2-207 of the Uniform Commercial Code provides that an acceptance or a written confirmation which is sent in response to an offer within a reasonable time acts as an acceptance even if its terms differ from those contained in the offer "unless acceptance is expressly made conditional on assent to the addition or different terms." ATI's confirmation of Craft's purchase order contained a provision captioned "BUYERS ACCEPTANCE OF CONDITIONS" which read: "If the terms and conditions of this acknowledgment differ in any way from the terms and conditions of the purchaser's order the acknowledgment shall be construed as a counter offer and shall not be effective as an acceptance of such order unless the purchaser assents to the terms and conditions herein which shall constitute the entire agreement between the parties." ATI's acceptance differed from Craft's offer in that it contained no limitation of the time in which to bring an action based upon a breach of the parties' agreement. There was therefore no acceptance by ATI of any such limitation. Plaintiff's confirmation order was specifically conditioned upon the acceptance by Craft of the terms contained therein. Thus, the confirmation order does not operate as an acceptance of the additional or different term providing for a shortened Statute of Limitations. Concur — Murphy, P. J., Sandler, Asch, Milonas and Alexander, JJ.